AO 245B (SCDC Rev.09/11) Judgment in a Criminal Case **Sheet 1**

# UNITED STATES DISTRICT COURT
## District of South Carolina

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| vs. | |
| | Case Number:  4:12cr00744-TLW (1) |
| <u>LINDA BARTON</u> | USM Number: 24680-171 |
| | <u>James P. Rogers, AFPD</u> |
| | Defendant's Attorney |

## THE DEFENDANT:

■    pleaded guilty to count(s) <u>one (1) of the indictment on March 27, 2013</u>

☐    pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐    was found guilty on count(s) after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| <u>Title & Section</u> | <u>Nature of Offense</u> | <u>Offense Ended</u> | <u>Count</u> |
|---|---|---|---|
| 18:641 | Please see indictment | April 2011 | 1 |

The defendant is sentenced as provided in pages 2 through <u>4</u>  of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐    The defendant has been found not guilty on count(s) _____

☐    Count(s) _____ ☐ is ☐are    dismissed on the motion of the United States.

☐    Forfeiture provision is hereby dismissed on motion of the United States Attorney.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

| |
|---|
| May 30, 2013 |
| Date of Imposition of Judgment |
| |
| s/ Terry L. Wooten |
| Signature of Judge |
| |
| Hon. Terry L. Wooten, Chief Judge, U.S. District Court |
| Name and Title of Judge |
| |
| May 31, 2013 |
| Date |

AO 245B (SCDC Rev. 09/11) Judgment in a Criminal Case

Sheet 2 - Probation

Page 2

DEFENDANT: LINDA BARTON
CASE NUMBER: 4:12cr00744-TLW

# PROBATION

The defendant is hereby sentenced to probation for a term of five (5) years.  It is further ordered that the Defendant pay restitution in the amount of $29,000.00 to Social Security Administration.    Restitution is due in full immediately.  Interest is waived.  While on probation, the Defendant shall comply with the mandatory and standard conditions of supervision outlined in 18USC3563(a) & (b). The defendant shall also comply with the following special conditions: 1.  The defendant shall pay restitution at the rate of not  less than $200 per month to begin 30 days after sentencing.  Interest is waived.  2.  The defendant shall not open additional lines of credit without the approval of the U.S. Probation Office.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  *(Check, if applicable.)*

☑  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  *(Check, if applicable.)*

☑  The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐  The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐  The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement  officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (SCDC Rev. 09/11) Judgment in a Criminal Case
Sheet 3 - Criminal Monetary Penalties

Page 3

DEFENDANT: LINDA BARTON
CASE NUMBER: 4:12cr00744-TLW

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the total criminal monetary penalties under the schedule of payments on Sheet 4.

|  | __Assessment__ | __Fine__ | __Restitution__ |
|---|---|---|---|
| **TOTALS** | __$ 100.00__ | $ | __$ 29,000.00__ |

☐    The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case(AO245C)* will be entered after such determination.

■    The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless otherwise specified in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Social Security Administration | $29,000.00 | $29,000.00 | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $ 29,000.00 | $29,000.00 | |

☐    Restitution amount ordered pursuant to plea agreement    $_____

☐    The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f).  All of the payment options on Sheet 5 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

■    The court determined that the defendant does not have the ability to pay interest and it is ordered that:
   ■         The interest requirement is waived for the ☐ fine  ■ restitution.
   ☐         The interest requirement for the ☐ fine  ☐  restitution is modified as follows:

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (SCDC Rev. 9/11) Judgment in a Criminal Case
Sheet 4 - Schedule of Payments                                                                 Page 4

DEFENDANT: LINDA BARTON
CASE NUMBER: 4:12cr00744-TLW

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A    ■    Lump sum payment of $100.00 (special assessment)  due immediately, balance due $29,000.00 (restitution)

☐    not later than _____ , or

■    in accordance with ■ C,    ☐ D, or    ☐ E, or ☐ F below: or

B    ☐    Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

C    ■    Payment in equal ( monthly)  installments of $ 200.00 per month to commence *(30 days)*  after the date of sentencing; or

D    ☐    Payment in equal _____(weekly, monthly, quarterly)  installments of $_____over a period of
_____(e.g., months or years), to commence _____ *(30 or 60 days)* after release from imprisonment to a term of
supervision; or

E    ☐    Payment during the term of supervised release will commence within (e.g., 30 or 60 days) after release from imprisonment.  The
court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    ☐    Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes  imprisonment, payment of criminal monetary penalties is due
during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate
Financial Responsibility Program, are made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount,
and corresponding payee, if appropriate.

☐    The defendant shall pay the cost of prosecution.
☐    The defendant shall pay the following court cost(s):
■    The defendant shall forfeit the defendant's interest in the following property to the United States:

As directed in the Preliminary Order of Forfeiture, filed    5/31/13    and the said order is incorporated herein as part of this judgment.

Payments shall be applied in the following order:  (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

UNITED STATES OF AMERICA     )   CRIMINAL NO.: 4:12-CR-744
    )
    )
vs.     )
    )
LINDA BARTON     )
    )
    )

## JUDGMENT AND ORDER OF FORFEITURE

1.    On September 25, 2012, a federal grand jury in this district returned an Indictment charging Defendant, Linda Barton ("Barton", "Defendant"), with theft of government property, in violation of 18 U.S.C. § 641. Pursuant to Fed.R.Crim.P. 32.2(a), the Indictment contained a forfeiture allegation which provided that upon Barton's conviction, certain property enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c).

2.    On March 27, 2013, Barton pled guilty to the theft of government property charge, in violation of 18 U.S.C. §641. Based upon Barton's guilty plea and other matters appearing in the record, the court has determined that Barton derived criminal proceeds from the theft of government property in the amount of $29,000 and that such property is subject to forfeiture. The court finds that the United States

Order, p. 1 of 3

is entitled to a money judgment against Barton in the amount of $29,000, pursuant to Fed. R. Crim. P 32.2(b)(1)(A).

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

1.    The Defendant shall forfeit to the United States all of her right, title and interest in and to any property, real or personal, tangible and intangible, constituting or derived from any proceeds Defendant obtained directly or indirectly as a result of her violation of 18 U.S.C. § 641, and any property used to facilitate Defendant's offense of conviction.

2.    JUDGMENT IS ENTERED against Defendant, and in favor of the United States in the amount of $29,000, together with appropriate costs provided for in 28 U.S.C. § 1961 as of the date of entry of judgment until paid in full, and the United States may satisfy such money judgment from any property of the Defendant.

3.    Upon entry, this Order becomes final as to Defendant, and shall be made part of her sentence and included in the criminal Judgment.

4.    Upon entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, or other substitute assets, in accordance with Fed.R.Crim.P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

5.    The United States may sell or otherwise dispose of in accordance with law any substitute assets as required to satisfy the above imposed money judgment.

Order, p. 2 of 3

6.    The government is not required to publish notice regarding the personal money judgment against the Defendant; however, the judgment shall be recorded in the records of the County Clerk's Office in the county of the debtor's residence, place of business, and any and all other counties in which the debtor has either real or personal property, as a lien thereon.

7.  The court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

8.    The Clerk, U.S. District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office for service of interested third parties and other purposes.

AND IT IS SO ORDERED.

CHIEF JUDGE TERRY L. WOOTEN
UNITED STATES DISTRICT COURT

Florence, South Carolina

May 30, 2013

Order, p. 3 of 3